**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **FRANCES STROUPE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL NO. 3:07CV267** |
| ) | |
| **WAL-MART STORES EAST, LP,** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's motion for sanctions and to exclude (docket entry no. 15). The motion has been fully briefed and argued and is therefore ready for disposition.

**Motion for Sanctions and to Exclude**

Plaintiff's motion requests that the Court instruct the prospective jury as to an adverse inference that they may draw based on Defendant's destruction of certain surveillance videotapes that were allegedly utilized on the date of the subject incident. "The spoliation of evidence rule allows the drawing of an adverse inference against a party whose intentional conduct causes not just the destruction of evidence . . . but also against one who fails to preserve or produce evidence . . . ." Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 450 (4th Cir. 2004) (citing Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 155 (4th Cir. 1995); NLRB v. Ford Radio & Mica Corp., 258 F.2d 457, 463 (2d Cir. 1958)); see also Trigon Ins. Co. v. United States, 204 F.R.D. 277, 284-91 (E.D. Va. 2001). "To draw an adverse inference from the absence, loss or destruction of evidence, it would have to appear that the evidence would have been relevant to

an issue at trial and otherwise would naturally have been introduced into evidence." Trigon, 204 F.R.D. at 286. Bad faith in the destruction is not necessary in order for an adverse inference to be applied. Id. However, "the inference requires a showing that the party knew the evidence was relevant to some issue at trial and that his willful conduct resulted in its loss or destruction." Id. at 287.

Defendant has a policy of keeping surveillance videotapes for thirty days. Defendant claims that the videotapes from the day in question, April 11, 2005, were destroyed in the regular course of business because they were found not to be relevant to Plaintiff's case. In support of its position, Defendant offers the deposition testimony of former Wal-Mart Asset Protection Associate, Carol Barrett (Barrett), who stated that at the time of the incident, there were no cameras located in the main aisle (between the clothing and the registers) as would have been aimed at the relevant area of the store. (Def.'s Ex. A at 13.) She further stated that the cameras located above the registers are aimed directly at the registers and cashiers and are used to prevent employee theft: "[w]e have to move them if we need a certain angle, and we basically have it right on the registers to watch the associates mainly." (Id.) Barrett also stated that any cameras located in the main aisle were dummy cameras with no recording capability. (Def.'s Ex. A at 26-27.)

Plaintiff does not offer any evidence to dispute Defendant's contentions that there was no videotape that depicted the subject area where the incident occurred. At oral argument, Plaintiff's counsel argued that the videos from the cameras facing the register could have contained relevant information such as how many registers were surrounded by cautionary tape, or which register lane Plaintiff walked through prior to slipping in the main aisle beyond the

register. Defendant emphasizes, however, that the destroyed videos did not, in fact, scan the aisles; rather, they merely recorded the cashiers working at their respective registers. Plaintiff has not shown that the destroyed videotapes contained any images or information relevant to any issue at trial. See Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 155 (4th Cir. 1995). Accordingly, Plaintiff has not proven that any videotapes that were destroyed by Defendant were relevant to the pending litigation. As a result, an adverse inference jury instruction is not appropriate.

Plaintiff also seeks to exclude the photographs of the accident scene that were taken by an employee of Wal-Mart. Plaintiff asserts in this regard that:

> having destroyed the videotape that would have depicted the entire accident location, Wal-mart should not be allowed to benefit by the use of the photographs taken by the manager on duty when the fall occurred. These photographs were selectively taken by the manager and to allow their use after Wal-mart destroyed critical evidence would grant an unfair advantage to Wal-mart.

(Pl.'s Mem. of Law in Supp. of Pl.'s Mot. for Sanctions and to Exclude Photographs at 5.)

"[T]he drastic remedy of excluding evidence . . . requires that bad faith be proven." Kribbs v. Wal-Mart Stores, Inc., Civil Action No. 4:05CV159, 2006 WL 1788969 (E.D. Va. June 27, 2006). At oral argument, Defendant cited Vodusek for its holding that "when a proponent's intentional conduct contributes to the loss or destruction of evidence, the trial court has discretion to pursue a wide range of responses both for the purpose of leveling the evidentiary playing field and for the purpose of sanctioning the improper conduct." Vodusek, 71 F.3d at 156 (citations omitted). While Vodusek provides authority for a court to exclude secondary evidence in response to a party's spoilation of evidence, even if the court does not

exclude secondary evidence, "it may still permit the jury to draw unfavorable inferences against the party responsible for the loss or destruction of the original evidence." Id.

In this case, Plaintiff merely makes a conclusory allegation that because the photographs were taken by an employee of Defendant, they are unduly prejudicial to Plaintiff and must be excluded. At oral argument, Plaintiff's counsel further argued that the photographs are unduly prejudicial because there is evidence that white signs were hanging from the caution tape, and that those signs are not shown in the photographs such that the photographs are not accurate renditions of the accident scene.

Plaintiff's argument that the photographs are not accurate because they do not depict the white signs that were allegedly hanging from the caution tape merely goes to the weight, rather than the admissibility, of the photographs. Plaintiff does not adequately demonstrate undue prejudice, and absent such a finding, the Court will not exclude such otherwise relevant evidence from introduction at trial.

Accordingly, for the above-mentioned reasons, Plaintiff's motion for sanctions and to exclude (docket entry no. 15) must be DENIED. Plaintiff and Defendant have reached agreement on the outstanding motion to compel (docket entry no. 16). Accordingly, that motion will be DENIED as MOOT.

An appropriate Order shall issue.

/s/
Dennis W. Dohnal
United States Magistrate Judge

Dated: 10/29/07
Richmond, Virginia